Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Noetzel, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Specified Credit Association 1, Inc., | ) |
| ClubReady, Inc., and | ) |
| L.A. Boxing Franchise Corporation, | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Arizona Consumer Fraud Act ("ACFA"), A.R.S. § 44-1522, and common law claims for unjust enrichment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Kimberly Noetzel, ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Specified Credit Association 1, Inc. ("SCA") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, ClubReady, Inc. ("Club Ready"), is an entity who at all relevant times was engaged in business in the State of Arizona, County of Maricopa, City of Phoenix.

9. Defendant, LA Boxing Franchise Corporation ("LA Boxing"), is an entity who at all relevant times was engaged in business in the State of Arizona, County of Maricopa, City of Phoenix.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than SCA.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than SCA, arises from a transaction in which the money,

property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than SCA.

12. SCA uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

13. On our about May, 2011, Plaintiff registered herself and her son for boxing lessons with LA Boxing.

14. At that time, LA Boxing informed Plaintiff that she could cancel her membership at anytime but would be required to pay a $100.00 cancellation fee.

15. If Plaintiff knew that LA Boxing would continue to charge her membership fees after she canceled her membership by paying the $100.00 cancellation fee, Plaintiff would have not agreed to the membership.

16. After agreeing to the membership, Plaintiff provided LA Boxing authorization to charge her credit card in the amount of $49.00 each month to cover the membership fee.

17. On November 5, 2011 at 2:56 P.M. Plaintiff cancelled her membership at LA Boxing by speaking with a representative in person and paying the $100.00 cancellation fee. (See November 5, 2011, Cancellation, attached hereto as Exhibit A); (Credit Card History, attached hereto as Exhibit B).

18. Despite the cancellation, LA Boxing continued to charge Plaintiff a monthly membership fee.

19. On or about May, 2012, Plaintiff discovered that LA Boxing had continued to automatically charge her credit card in the amount of $49.00 six times starting November 28, 2011. (See Credit Card History, attached hereto as Exhibit B).

20. The improper debits from Plaintiff's account total $294.00.

21. LA Boxing currently holds the $294.00 it improperly received as any contract between LA Boxing and Plaintiff had been cancelled, therefore LA Boxing was unjustly enriched at Plaintiff's expense.

22. On or about May, 2012 Plaintiff contacted her credit card company to inform it that LA Boxing was not authorized to charge her credit card.

23. Thereafter, LA Boxing continued to charge Plaintiff a monthly membership fee and continued to attempt to charge Plaintiff's credit card but the charges were reversed by Plaintiff's credit card company.

24. Nonetheless, LA Boxing continued to charge Plaintiff for services and reversals, which created an alleged debt in default (the "Debt") with LA Boxing.

25. Upon information and good-faith belief, Club Ready manages LA Boxing's billing, including automatic withdrawals and the placement of defaulted accounts with third-party debt collectors.

26. Upon information and good-faith belief, Club Ready received a benefit from the improper debits of Plaintiff's account described above.

27. On August 10, 2012 Club Ready placed the Debt with SCA for collection.

28. In connection with the collection of the Debt, SCA sent Plaintiff initial written communication dated August 16, 2012. (See August 16, 2012 Correspondence, attached hereto as Exhibit C).

29. SCA's August 16, 2012 communication stated, "If you do notify us of a dispute, we will obtain verification of the debt and mail it to you" (Exhibit C).

30. SCA's statement failed to clearly and effectively state that in order to invoke her rights pursuant to 15 U.S.C. § 1692g(a)(4), Plaintiff is required to notify SCA *in writing* that the debt, or any portion thereof, is disputed.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## SCA

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32. SCA violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt when failing to state that the alleged debt was continuing to accrue interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Vision violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

  e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)
## SCA

33. Plaintiff repeats and re-alleges each and every allegation contained above.

34. SCA violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt, including, but not limited to: misrepresenting the amount of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Vision violated 15 U.S.C. § 1692e(10);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

  e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692g(a)(4)**
**SCA**

35. Plaintiff repeats and re-alleges each and every allegation contained above.

36. SCA violated 15 U.S.C. § 1692g(a)(4) by failing to meaningfully convey to Plaintiff that a dispute of the debt, or any portion thereof, must be made in writing in order to obtain verification of the alleged debt or a copy of a judgment against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Vision violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**UNJUST ENRICHMENT**
**LA BOXING**

37. Plaintiff repeats and re-alleges each and every allegation contained above.

38. LA Boxing was unjustly enriched by taking money from Plaintiff for services after the contract for services was cancelled or satisfied.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LA Boxing was unjustly enriched;

b) Awarding Plaintiff actual damages, in the amount of $294.00.

c) Awarding Plaintiff attorneys fees and costs incurred in this action pursuant to A.R.S. § 12-341 and A.R.S. § 341.01;

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## UNJUST ENRICHMENT
## CLUB READY

39. Plaintiff repeats and re-alleges each and every allegation contained above.

40. Club Ready was unjustly enriched by taking money from Plaintiff for services after the contract for services was cancelled or satisfied.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Club Ready was unjustly enriched;

b) Awarding Plaintiff actual damages, in the amount of $294.00.

c) Awarding Plaintiff attorneys fees and costs incurred in this action pursuant to A.R.S. § 12-341 and A.R.S. § 341.01;

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF ACRA
## LA BOXING

41. Plaintiff repeats and re-alleges each and every allegation contained above.

42. LA Boxing used a deceptive act or practice in connection with the sale of merchandise.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LA Boxing violated ACRA;

b) Awarding Plaintiff actual damages, in the amount of $294.00.

c) Awarding Plaintiff attorneys fees and costs incurred in this action;

d) Awarding Plaintiff punitive damages to be determined by this Court.

e) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted, this 6th day of December, 2012

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff